**William L. HOPKINS, Plaintiff–Appellant,**

v.

**OHIO DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 03–3978.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2003.

William L. Hopkins, Dover, OH, for Plaintiff–Appellant.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

*ORDER*

William L. Hopkins, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The complaint alleges that a botched 1998 surgery failed to successfully remove

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

a cyst on Hopkins's face. The complaint further alleges that in February 2000, Hopkins first learned that the 1998 surgery was not successful. In April 2000, Hopkins discovered that his medical records were missing. The complaint alleges that prison officials took no further steps to provide him treatment until November 2000. Hopkins alleges that the lengthy delays caused him unnecessary, prolonged pain and suffering in violation of his Eighth Amendment rights.

The matter was referred to a magistrate judge for initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and (b). In a report and recommendation filed April 20, 2003, the magistrate judge recommended that the complaint be dismissed because it failed to demonstrate that Hopkins had exhausted his prison administrative remedies as required by 42 U.S.C. § 1997e(a). Despite Hopkins's objections, the district court held that Hopkins failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). The court dismissed the complaint, without prejudice, for failure to exhaust prison administrative remedies. Alternatively, the court held that Hopkins failed to state an Eighth Amendment claim. The court also held that to the extent that the defendants were acting as State officers or employees, Hopkins waived his right to sue the defendant state employees under § 1983 because he filed a claim before the Ohio Court of Claims involving the same claims asserted herein. *See Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946 (6th Cir.1987). This appeal followed.

This court reviews the district court's interpretation of the Prison Litigation Reform Act of 1995 ("PLRA") de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires a prisoner to exhaust all available adminis-

trative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Wyatt,* 193 F.3d at 878; *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997). Exhaustion may not be completed after a federal complaint has been filed. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). But where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown,* 139 F.3d at 1103–04.

Upon review, we conclude that the district court's judgment must be affirmed as modified to be with prejudice to Hopkins's Eighth Amendment claims because Hopkins failed to state any federal claim upon which relief could be granted. *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995); *Wright v. Metro-Health Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995).

Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment because such indifference constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The defendant's conduct or lack of conduct must demonstrate a knowing indifference to serious medical needs. *See, e.g., Hicks v. Frey,* 992 F.2d 1450, 1454–57 (6th Cir.1993). A prison official exhibits deliberate indifference by intentionally denying or delaying access to medical care. *Estelle,* 429 U.S. at 104–05. "Deliberate indifference, however, does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995). Moreover, differences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim. *Estelle,* 429 U.S. at 107; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Here, the complaint does not allege facts from which a finder of fact could conclude by a preponderance of the evidence that any of the named defendants acted with deliberate indifference to Hopkins's serious medical needs. There is no allegation that these defendants lost Hopkins's medical records. He was not even incarcerated at the Noble Correctional Institution until February 2000. The medical staff and other employees of the Noble Correctional Institution searched for Hopkins's medical records, contacting the sources who would be likely to be able to assist in locating them. Further, there is no allegation that any of the named defendants refused to treat Hopkins or even failed to provide medical treatment. From reading the complaint and grievances, it appears that the medical staff at Noble Correctional Institution saw Hopkins every time he asked to be seen.

It further appears from the documents attached to Hopkins's objections to the report and recommendation that this lawsuit is barred because Hopkins filed a claim in the Ohio Court of Claims based on the same facts alleged here. Ohio conditions the filing of suit against it in the Court of Claims on the plaintiff waiving any cause of action based upon the same act or omission that might be filed against a State officer or employee. *See* Ohio Rev.Code § 2743.02(A)(1). To the extent that the defendants were acting as State officers or employees, Hopkins's § 1983 claims against them are barred. *See Leaman,* 825 F.2d at 956–57.

Accordingly, the district court's judgment is affirmed as modified to be with prejudice to the Eighth Amendment claims. Rule 34(j)(2)(C), Rules of the Sixth Circuit.