MORWAY, Appellant,

v.

DURKIN et al., Appellees.

[Cite as *Morway v. Durkin,* 181 Ohio App.3d 195, 2009-Ohio-932.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07–MA–189.

Decided Feb. 23, 2009.

Richard J. Thomas, for appellant.

Richard Cordray, Attorney General, and Joseph N. Rosenthal, Assistant Attorney General, for appellees.

DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Laura L. Morway, appeals a decision of the Mahoning County Common Pleas Court dismissing her federal claim of constructive, retaliatory discharge against defendants-appellees, George Durkin and Arlene Overton. The central issue is whether Morway waived her claims against Durkin and Overton individually by filing suit initially in the Ohio Court of Claims.

{¶ 2} Since this case was adjudicated below on a motion to dismiss, the only underlying facts that can be gleaned from the record on appeal are those alleged in Morway's complaint. Morway is employed with the Ohio Bureau of Workers' Compensation ("BWC") at the Youngstown Service Office located in Youngstown, Ohio. Morway attended employer-required training in Columbus from February 24–28, 2003. After returning, she submitted an overtime request for 4.75 hours to her supervisor, Durkin. Durkin reviewed the request and advised Morway

that she was to "flex out" the overtime during the same week that she submitted the request since it was in the same pay period. Morway insisted to Durkin that she was entitled to time-and-a-half compensation for the overtime hours under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. Durkin then conferred with Overton, the Service Office Manager, concerning Morway's overtime request. After that conference, Durkin returned to Morway and informed her that her request had been denied. Morway then contacted her union representative, and it was later learned that the state of Ohio, through the BWC, had determined that the denial of the overtime request was improper, had processed her overtime request, and had advised Durkin and Overton accordingly.

{¶ 3} Morway alleges that subsequently, Durkin and Overton took and continue to take retaliatory actions against her. She lists several specific examples: Durkin's falsely accusing her of taking more than an hour for her lunch and then reporting the false information to Overton; Durkin's falsely accusing her of directing a BWC customer to return another time to be serviced by another BWC employee and reporting the false information to Overton; and Durkin's forcing her to perform job functions that were not her responsibility. She also lists failure to provide her with adequate training to perform her job functions, verbal abuse and harassment, and selective enforcement of BWC policy and procedure. She further claims that she was constructively discharged and demoted to a position of lesser pay, responsibilities, and benefits. There is no indication in the record that Morway resigned or is otherwise no longer employed at the BWC.

{¶ 4} Morway sued the BWC, Durkin, and Overton in the Ohio Court of Claims. *Morway v. Bur. of Workers' Comp.*, Ct. of Cl. No. 2003–10198, 2004-Ohio-6577, 2004 WL 2813603. She alleged that Durkin and Overton " 'acted and or failed to act with malicious purpose, in bad faith, or in a wanton or reckless manner' and that they were personally liable to her. She also set forth claims for constructive discharge, wrongful discharge in violation of the 'clear public policy manifested in Ohio Rev.Code § 4112.01, et. seq.,' and civil conspiracy." Id. at ¶ 15 Morway's complaint alleged violations of the FLSA. Noting that the whistleblower protection afforded employees under the FLSA had been codified by Ohio itself in R.C. 4113.52, the court proceeded to examine whether Durkin and Overton were entitled to civil immunity under R.C. 2743.02(F) and 9.86. Determining the evidence "insufficient to establish that conduct of either Durkin or Overton was manifestly outside the scope of their state employment, or that any of their actions were taken with malicious purpose, in bad faith, or in a wanton or reckless manner", the Court of Claims concluded that Durkin and Overton were entitled to immunity. Id. at ¶ 34, 37. Morway appealed that determination to

the Tenth District Court of Appeals, and it was affirmed. *Morway v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 04AP–1323, 2005-Ohio-5701, 2005 WL 2787631.

{¶ 5} Meanwhile, on March 2, 2004, while Morway's Court of Claims case was pending, she sued Durkin and Overton in Mahoning County Common Pleas Court, principally for retaliation under the FLSA, alleging that as a result of their actions, she had been constructively discharged and demoted. To illustrate, she alleged that Durkin and Overton's conduct included:

{¶ 6} "Durkin falsely accusing [her] of taking more than one (1) hour for lunch and falsely reporting the same to * * * Overton;

{¶ 7} "Durkin falsely accusing [her] of directing a BWC customer to return to the BWC at a later date to be serviced by another BWC employee and falsely reporting said erroneous information to * * * Overton;

{¶ 8} "Durkin forcing [her] to perform job functions which were not [her] job functions;

{¶ 9} "[n]ot allowing [her] to properly train for and/or providing [her] with proper training for the functions of her position;

{¶ 10} "Durkin verbally berating [her] in a loud and abusive fashion within the presence of and hearing of BWC customers, employees, and agents;

{¶ 11} "[h]arassing and belittling [her];

{¶ 12} "[s]electively and/or arbitrarily enforcing BWC policy against [her]."

{¶ 13} She also set forth claims of tortious wrongful discharge in violation of public policy, civil conspiracy, tortious interference, and infliction of emotional distress.

{¶ 14} Durkin and Overton moved for dismissal, arguing that Morway had waived her right to sue them under R.C. 2743.02(A)(1) because her suit was premised on the same facts that she had alleged in her action against the BWC in the Court of Claims. Following briefing, a magistrate granted the motion on January 30, 2007, finding that Durkin and Overton were immune from suit under R.C. 9.86 and that Morway had waived her right to sue them under R.C. 2743.02(A)(1).

{¶ 15} Morway filed objections to the magistrate's decision, taking issue only with the magistrate's dismissal of her FLSA claim. Durkin and Overton filed a response, and the matter was heard by the trial court on April 19, 2007. On September 24, 2007, the trial court adopted the magistrate's decision and dismissed Morway's claims. This appeal followed.

{¶ 16} Morway's sole assignment of error states:

{¶ 17} "The trial court erred when it granted the Appellees' motion to dismiss."

{¶ 18} A trial court's decision on a motion to dismiss under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction raises questions of law; thus, an appellate court reviews the decision anew. *Crosby–Edwards v. Ohio Bd. of Embalmers & Funeral Directors,* 175 Ohio App.3d 213, 2008-Ohio-762, 886 N.E.2d 251, at ¶ 21, citing *Groza–Vance v. Vance,* 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, at ¶ 13. That means conducting an independent review of the record before the trial court without deference to its decision. *Dombroski v. WellPoint, Inc.,* 173 Ohio App.3d 508, 2007-Ohio-5054, 879 N.E.2d 225, at ¶ 11, citing *Brown v. Scioto Cty. Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

■ {¶ 19} The FLSA allows an employee, in some situations, to pursue overtime pay if they have worked more than forty hours in a week. 29 U.S.C. 207. It is unlawful for an employer to take retaliatory action (e.g., discharge, demotion, etc.) against an employee exercising their rights under the FLSA:

{¶ 20} "[I]t shall be unlawful for any person—

{¶ 21} " * * *

{¶ 22} "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] * * *." 29 U.S.C. 215(a)(3).

{¶ 23} In 1975, the General Assembly enacted the Court of Claims Act, embodied in R.C. Chapter 2743. The act waived the state's immunity from liability and consented to be sued, and have its liability determined, in the Court of Claims. R.C. 2743.02(A)(1). However, for those claimants who seek to take advantage of the state's waiver of sovereign immunity by seeking redress in the Court of Claims, they themselves must waive any related claims they have against the state's employees. Id. Prospective claimants "filing a civil action in the court of claims results in a *complete* waiver of *any* cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code." Id. However, the claimant's waiver is inapplicable "if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Id.

{¶ 24} In support of its decision to dismiss Morway's federal claim on the basis of this provision, the trial court relied on *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (C.A.6, 1987), 825 F.2d 946 (en banc), certiorari denied (1988), 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 882. In *Leaman,* plaintiff Mary Kate Leaman had been hired by the Ohio Department of Mental Retardation. Prior to the expiration of her probationary period, she was

removed from the position by her superiors, who felt that her service was unsatisfactory. She sued in federal court, naming the department and her superiors as defendants. She alleged that she had been discharged in violation of 42 U.S.C. 1983; 29 U.S.C. 794 (the Rehabilitation Act of 1973); and the First and Fourteenth Amendments.

{¶ 25} Thereafter, Leaman sued the department only in the Ohio Court of Claims. Meanwhile, the federal court dismissed the department on sovereign-immunity grounds. The court then also dismissed the individual defendants based on R.C. 2743.02(A)(1), mentioned above. Leaman appealed to the Sixth Circuit Court of Appeals on the issue of whether by suing the department in the Court of Claims, she had waived her cause of action against the individual defendants under R.C. 2743.02(A)(1). Relying on the plain language of R.C. 2743.02(A)(1), the Sixth Circuit agreed that Leaman had waived her claims against the individual defendants. The court noted that "the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action based upon state law." Id. at 952.

{¶ 26} Subsequent to *Leaman*, R.C. 2743.02 was amended to add subsection (F):

{¶ 27} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims,* which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code." (Emphasis added.)

■ {¶ 28} Morway contends that R.C. 2743.02's statutory scheme placed her in a Catch–22 situation. She views R.C. 2743.02(F) as having required her to first file her federal claim against a state officer or state employee in the Court of Claims, which does not have jurisdiction over federal claims. Then, by doing so, under R.C. 2743.02(A)(1), she effectively waived bringing that federal claim against those state actors in common pleas court, which should have had jurisdiction over the claim. In other words, by following what she views as R.C. 2743.02(F)'s mandate, she was forced to waive her federal claim under R.C. 2743.02(A)(1) by initiating suit in the Court of Claims. R.C. 2743.02's statutory scheme, she maintains, is unconstitutional in that it violates the Supremacy

Clause of the United States Constitution, her First Amendment rights, and her Fourteenth Amendment due-process rights.

{¶ 29} Durkin and Overton do not interpret R.C. 2743.02(F) as requiring a plaintiff to first file his or her federal claim in the Court of Claims. They argue that the provision simply requires an initial filing of a state claim against a state officer or state employee in the Court of Claims so that the court can determine whether the state officer or employee is entitled to immunity under R.C. 9.86.

{¶ 30} In a case subsequent to the amendments to R.C. 2743.02, the Twelfth District Court of Appeals dealt with a similar situation in *Staton v. Henry* (Apr. 27, 1998), 12th Dist. No. CA97–10–184, 1998 WL 204937. In that case, Staton had been employed to teach courses at Miami University. Ultimately, Staton was denied tenure, and the university declined to renew his contract. Staton sued the university in the Court of Claims. Subsequently, he sued the university and individual employees of the university involved with the tenure determination in common pleas court, for the first time setting forth 42 U.S.C. 1983 claims. The trial court dismissed Staton's claims against the individual defendants on the basis that he had waived those claims under R.C. 2743.02(A)(1).

{¶ 31} On appeal, the Twelfth District agreed that Staton had waived his federal claims under R.C. 2743.02(A)(1), despite the fact that he did not pursue those claims in the Court of Claims. The court noted, however, that "[p]ersonal immunity for state officers and employees under R.C. 9.86 is expressly limited to civil action[s] arising under the laws of Ohio, so the exclusive, original subject matter jurisdiction afforded the Court of Claims by R.C. 2743.02(F) does not apply to federal claims."

{¶ 32} Unlike Staton, Morway *did* file her federal claim in the Court of Claims. However, that distinction between the two is irrelevant. The larger point is that regardless of the court to which a plaintiff decides to bring a federal claim against the state and its actors, that claim is waived as to the state officer or employee if the plaintiff has also sued for the same conduct in the Court of Claims. There can be no constitutional violation because a plaintiff is not forced to waive his or her federal claim. Only by voluntarily bringing suit in the Court of Claims does a plaintiff agree that he or she waives all cognate claims.

{¶ 33} R.C. 2743.02(A)(1)'s waiver provision is significant because "[t]he determination as to whether the state is implicated by a particular claim involves the core of the state's sovereignty and affects whether it will be held liable for damages and whether recovery will be made out of its treasury." *Evans v. Celeste* (S.D.Ohio 1989), 716 F.Supp. 1047, 1050. As explained by the Sixth Circuit Court of Appeals in *Leaman*, 825 F.2d 946:

{¶ 34} "The Ohio statute simply offers to make available an otherwise unavailable deep-pocket defendant, and an alternative forum, if prospective plaintiffs who think they have claims against individual state employees voluntarily elect to waive suit against the employees in favor of suit against the employer.

{¶ 35} "[T]he Constitution does not require the State of Ohio to offer *any* waiver of its sovereign immunity. Cf. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). * * * The Ohio statute gives claimants an option not otherwise available to them, and any claimant who does not like the statutory option is perfectly free to reject it and prosecute [his or her federal claim] against the state's officials just as if the Court of Claims Act had never been passed. Such an action may be maintained either in federal court or in an Ohio court of common pleas, without any necessity of filing an action in the Court of Claims. It is settled under Ohio law, moreover, that the Court of Claims Act would not prevent such a claimant from seeking declaratory or injunctive relief against the [state agency] itself, again without any necessity of suing in the Court of Claims. *Friedman v. Johnson*, 18 Ohio St.3d 85, 87, 18 OBR 122, 480 N.E.2d 82, 84 (1985); *Racing Guild of Ohio v. Ohio State Racing Comm.*, 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025, 1st Syl." *Leaman*, 825 F.2d 946, 953.

{¶ 36} As eluded to earlier, "[i]n providing that an election to sue the state in the Court of Claims results in a complete waiver of any cognate cause of action against individual state officers or employees, *the Ohio legislature clearly provided for waiver of federal causes of action*, as well as causes of action based upon state law." (Emphasis added.) *Leaman*, 825 F.2d 946, 952.

{¶ 37} Even after the amendments to R.C. 2743.02, the Sixth Circuit has continued to adhere to *Leaman*'s broad pronouncement. Recently, in *Plinton v. Cty. of Summit* (C.A.6, 2008), 540 F.3d 459, 463, a father sued a county and a state university police officer, alleging that they had violated the constitutional rights of his son, who had committed suicide, by maliciously prosecuting him for marijuana trafficking. The district court dismissed the claim against the police officer because the father had previously filed suit in the Ohio Court of Claims for the same conduct. The Sixth Circuit affirmed the district court, noting again that it had "consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." See also *Hopkins v. Ohio Dept. of Corr.* (C.A.6, 2003), 84 Fed.Appx. 526; *Ashiegbu v. Siddens* (C.A.6, 1998), 142 F.3d 431; *Thomson v. Harmony* (C.A.6, 1995), 65 F.3d 1314, 1318 (R.C. 2743.02(A)(1) clearly provides for waiver of federal causes of action).

{¶ 38} In sum, by taking the state's offer of waiver of sovereign immunity and suing in the Court of Claims, Morway was bound by that decision and waived her federal claims based on the same actions against Durkin and Overton.

{¶ 39} Accordingly, Morway's sole assignment of error is without merit.

{¶ 40} The judgment of the trial court is affirmed.

Judgment affirmed.

WAITE and DeGENARO, JJ., concur.