[Cite as *Makris v. Unemp. Comp. Rev. Comm.*, 2013-Ohio-2317.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| M. CHRISTOS MAKRIS, et al. | ) | CASE NO. 11 MA 105 |
| | ) | |
| APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| UNEMPLOYMENT COMPENSATION | ) | |
| REVIEW COMMISSION, et al. | ) | |
| | ) | |
| APPELLEE | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 10 CV 4391

JUDGMENT: Affirmed.

APPEARANCES:

For Appellant: M. Christos Makris, Pro se
143 Boardman-Canfield Road,
Apt. 218
Boardman, Ohio 44512

For Appellee: Atty. Mike DeWine
Attorney General of Ohio
Atty. Susan M. Sheffield
Assistant Ohio Attorney General
Health and Human Services Section
Unemployment Compensation Unit
20 West Federal Street, 3rd Floor
Youngstown, Ohio 44503

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: May 30, 2013

WAITE, J.

{¶1} Pro se Appellant M. Christos Makris appeals the judgment of the Mahoning County Court of Common Pleas dismissing his administrative appeal of his claim for unemployment benefits. The administrative appeal was dismissed for lack of jurisdiction due to Appellant's failure to file the appeal within 30 days of the final decision of the Unemployment Compensation Review Commission ("Review Commission"), pursuant to R.C. 4141.282(A). The final administrative decision was sent on September 1, 2010. Appellant did not file his appeal in the court of common pleas until November 23, 2010. Since the administrative appeal was not filed within the statutorily allotted period of time, the appeal was properly dismissed. The judgment of the trial court is affirmed.

{¶2} Appellant applied for unemployment benefits on December 12, 2009. The claim was denied on February 1, 2010, by Appellee, Director of the Department of Jobs and Family Services ("Director"). Appellant filed an administrative appeal, and a redetermination decision was issued March 23, 2010, affirming the initial decision. On May 26, 2010, the case was transferred to the Review Commission. A hearing was scheduled for July 23, 2010, but Appellant failed to attend this hearing. The claim was dismissed on July 23, 2010, with the dismissal to become final within 14 days unless Appellant provided good cause for his failure to appear at the hearing. Appellant responded on August 6, 2010, claiming he had waived his appearance at the hearing.

{¶3} On September 1, 2010, the Review Commission issued an order affirming the dismissal of the administrative appeal. The order stated that it "will

become final, unless within ten days after the mailing of this notice the appellant notifies the Review Commission in writing that a hearing is desired on the question of whether or not the appellant has furnished good cause of failure to appear at the hearing." (9/1/10 Letter.) Appellant did not respond to the Review Commission within ten days. Instead, Appellant sent a letter to the Review Commission on November 16, 2010. The Review Commission responded on November 16, 2010, stating that Appellant had exhausted his administrative remedies and any further appeal was required to be filed in the court of common pleas. On November 23, 2010, Appellant filed a notice of appeal to the Mahoning County Court of Common Pleas.

**{¶4}** On January 26, 2011, the Director filed a Civ.R. 12(B)(1) motion to dismiss due to lack of subject matter jurisdiction. The motion noted that Appellant had waited longer than 30 days to file the appeal with court of common pleas. Appellant did not file a response to the motion. Appellant also failed to attend the motion hearing held on February 14, 2011. The court dismissed the administrative appeal on February 16, 2011, on the grounds that it had been filed beyond the 30-day deadline set by R.C. 4141.282(A). This timely appeal followed on March 14, 2011.

## ASSIGNMENT OF ERROR

APPELLEE ignorance of APPELLANT timely due process of law right, and ignorance of Evidence-of-Record review on eligible Unemployment Compensation benefits, is against the manifest weight of evidence and

is in violation of the US Bill of Rights, §16, The Constitution of the State of Ohio [Article I], Ohio Revised Code, § 4141.281(D) (2) and Ohio Administrative Code, Chapter 4101:9-4 Prevailing Wage Regulations, 4101:9-4-03 (A) 2.

**{¶5}** The matter under review is whether the trial court committed reversible error in dismissing Appellant's administrative appeal of an adverse ruling from the Review Commission. Appellant's "brief," which is difficult to decipher, does not dispute the date he filed his appeal to the court of common pleas, or disagree with the law governing administrative appeals. Hence, Appellant has raised no reversible error in the trial court's actions.

**{¶6}** A claimant bears the burden of proving entitlement to unemployment compensation benefits. *Kosky v. Am. Gen. Corp.*, 7th Dist. No. 03-BE-31, 2004-Ohio-1541, ¶9. If the claimant is dissatisfied, he or she may appeal a decision of the Review Commission to the court of common pleas. R.C. 4141.282(A). On appeal, "[t]he trial court may reverse the commission only when it finds the decision to be unlawful, unreasonable or against the manifest weight of the evidence.' " *Id.*, citing R.C. 4141.282(H). Conversely, the trial court shall affirm a decision that is not unlawful, unreasonable, or against the manifest weight of the evidence. *Id.* A dissatisfied party may then appeal the trial court's decision to the court of appeals. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995).

**{¶7}** R.C. 4141.282(A) provides: "Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas."

**{¶8}** "It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. * * * Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statute requires." *Zier v. Bureau of Unemployment Compensation*, 151 Ohio St. 123, 125, 84 N.E.2d 746 (1949). "Compliance with these specific and mandatory requirements governing the filing of such notice is essential to invoke jurisdiction of the Court of Common Pleas." *Id.*, at paragraph two of the syllabus. The timely filing of a notice of appeal is the only act necessary to vest jurisdiction in the court of common pleas. R.C. 4141.282(C).

**{¶9}** If the appeal is filed beyond the 30-day deadline described in R.C. 4141.282(A), the trial court is required to hold a hearing on the timeliness of the appeal. R.C. 4141.282(I). The trial court held a hearing on February 14, 2011, but Appellant did not attend. Because of his failure to appear and present any evidence or arguments in his favor, he waived the opportunity for appellate review of any issues surrounding the timeliness of the appeal to the court of common pleas. *Nicoll v. Ohio Dept. of Job & Family Servs.*, 2d Dist. No. 24509, 2011-Ohio-5207, ¶26.

**{¶10}** Appellee filed a Civ.R. 12(B)(1) motion to dismiss Appellant's appeal on the grounds of lack of subject matter jurisdiction. A trial court's decision on a motion to dismiss under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction raises questions of law and is reviewed *de novo*. *Morway v. Durkin*, 181 Ohio App.3d 195, 2009-Ohio-932, 908 N.E.2d 510, ¶18 (7th Dist.).

**{¶11}** Again, Appellant's "brief" is almost unintelligible. Appellant's argument on appeal appears to be that the various officials and administrative departments involved in his case, along with the court of common pleas, are all confused about the dates both of the orders being appealed and the date that he filed his administrative appeal. He also argues that the final order on appeal to the court of common pleas was not issued until November 16, 2010. He asserts that he appealed this order on November 23, 2010. These allegations, however, are contradicted by the record in this matter. The documents in the record are quite clear. The Review Commission issued its final order on September 1, 2010. Appellant had 10 days to respond to the Review Commission to prevent the order from becoming final. Appellant did not respond. Appellant filed an appeal of the September 1, 2010, final order on November 23, 2010, in the court of common pleas. He filed this appeal 83 days after the final order was sent to Appellant. This is well beyond the 30-day time limit for filing an appeal under R.C. 4141.282(A). Furthermore, Appellant failed to appear at the hearing specifically set to determine the timeliness of the appeal and has waived any arguments regarding that issue.

Therefore, the trial court correctly dismissed the matter. Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.