[Cite as *Vos v. State*, 2017-Ohio-4005.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DONALD L. VOS, et al., | ) | CASE NO. 16 CO 0034 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STATE OF OHIO, et al, | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common Pleas of Columbiana County, Ohio Case No. 2016 CV 00465

JUDGMENT:        Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:        Donald Vos, *pro se*
39916 Hazel Run Road
Hammondsville, Ohio 43930

Dennis Scott Wallace, *pro-se*
6607 Carbon Hill Road
East Palestine, Ohio 44413

For Defendants-Appellees:        Atty. Peter Jamison
Asst. Attorney General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215

Atty. Sarah Pierce
Asst. Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: May 25, 2017

ROBB, P.J.

**{¶1}** Plaintiffs-Appellants Donald Vos and Dennis Wallace appeal the decision of Columbiana County Common Pleas Court granting Defendants-Appellees Governor John Kasich, Attorney General Mike DeWine, the State of Ohio, and the Ohio Environmental Review Appeals Commission ("Ohio ERAC") Civ.R. 12(b)(1) and Civ.R. 12(b)(6) motion to dismiss. For the reasons expressed below, the trial court's dismissal based on Civ.R. 12(b)(1) and Civ.R. 12(b)(6) is affirmed.

<u>Statement of the Case</u>

**{¶2}** Appellants filed a complaint against Appellees and Defendant Ohio Environmental Protection Agency ("Ohio EPA") in September 2016. Appellants sought to have the Negley, Ohio Landfill permanently closed. They alleged blood and body parts from the victims of the September 11, 2001 terrorist attack in New York City are interred in the Negley, Ohio Landfill. Appellants alleged debris from the September 11, 2001 terrorist attack in New York City was transported and dumped in the Negley, Ohio Landfill, and this debris contains blood and body parts from the victims of the terrorist attack. Appellants contended various State officials are covering up these facts and committed a "Misfeasance, a Malfeasance and a Nonfeasance." They asserted the Governor's appointments to Ohio ERAC are to ensure Ohio EPA was favored in actions taken against it by individuals and companies. 9/12/16 Complaint. Ohio EPA is alleged to have failed and refused to abide by its own rules in refusing to inspect the Negley Landfill. 9/12/16 Complaint. Ohio EPA purportedly knew debris from New York and New Jersey was going to the Negley Landfill but did not inspect the debris. 9/12/16 Complaint. It is alleged Ohio ERAC failed to abide by its own rules in appeals brought before them in an effort to protect the Ohio EPA. 9/12/16 Complaint. Ohio ERAC allegedly denied Appellants due process of law and equal protection. 9/12/16 Complaint. Appellants claim the Attorney General allowed prosecutors in his office to work for him and Ohio ERAC at the same time, which created a conflict of interest. 9/12/16 Complaint.

**{¶3}** Appellants sought the following relief:

(1) That the State of Ohio replace the Director of the Ohio Environmental Protection Agency;

(2) That the State create a new Environmental Review Appeals Commission and prohibit any person who has worked for the State of Ohio Attorney Generals [sic] Office from being placed on the Commission;

(3) That the State of Ohio order all permits granted to the Negley, Ohio Dump to be null and void;

(4) That the State of Ohio order that because the Ohio Environmental Protection Agency failed and refused to conduct inspections as to what the material was that was brought into the Negley, Ohio dump by railroad car and by truck from New York and New Jersey, that the State of Ohio order all material be removed from the dump and that the State of Ohio have an inspection of all material that is dug out of the dump to inspect for evidence of blood and body parts from 911 in New York that went into the dump by railroad car or by truck;

(5) That the State of Ohio order that the Negley, Ohio Dump be closed and turned into a burial park for those victims of 911 that were not accounted for after 911;

(6) That the Ohio Environmental Protection Agency be ordered to create a fund to maintain the burial park forever;

(7) That the State of Ohio pay Donald L. Vos and Dennis Scott Wallace sum [sic] FIVE MILLION DOLLARS, (5,000,000.00) each, for its denial of Due Process and the Equal Protection of the Law, as well as its bias; denial of Due Process of Law; and the Equal Protection of the Law, towards Donald L. Vos and Dennis Scott Wallace. [sic]

9/12/16 Complaint.

{¶4} In response, all defendants filed motions to dismiss based on Civ.R. 12(B)(1) and Civ.R. 12(B)(6). 10/17/16 Governor, Attorney General and State of Ohio Motion to Dismiss; 10/18/16 Ohio EPA Motion to Dismiss; 10/18/16 Ohio ERAC Motion to Dismiss. They all asserted similar arguments. They contended the common pleas court lacked subject matter jurisdiction because the monetary claim for damages was within the exclusive jurisdiction of the Court of Claims. They also asserted the complaint failed to state a claim upon which relief could be granted. The Ohio ERAC asserted the claims could potentially be interpreted to be 1983 claims. However, the 1983 claims were only against individuals, not the state agencies and thus, any 1983 claim would fail. 10/18/16 Ohio ERAC Motion to Dismiss.

{¶5} Appellants filed a combined response and once again asserted there was a cover up and body parts from 911 victims are interred in the Negley Landfill. 10/20/16 Combined Reply. As to Ohio ERAC's position the claim asserted was a 1983 claim, Appellant stated it was not a 1983 claim. 10/20/16 Combined Reply.

{¶6} Appellees Governor, Attorney General, and the State, and Defendant Ohio EPA filed replies. Appellees Governor, Attorney General, and the State reasserted Civ.R. 12(B)(1) and Civ.R. 12(B)(6). 11/2/16 Governor, Attorney General, and State of Ohio Reply. They also asserted this case is a collateral attack; Plaintiffs had a full opportunity to litigate any alleged bias in the tribunal before the Commission and on appeal to our court in *Wallace v. Nally*, 7th Dist. No. 14 CO 32, 2015-Ohio-4146. 11/2/16 Governor, Attorney General, and State of Ohio Reply. Defendant Ohio EPA replied asserting alleged violations of its actions or inactions related to the landfill were required by statute to be adjudicated before the Ohio ERAC. 11/7/16 Ohio EPA Reply. Thus, the common pleas court did not have jurisdiction over the claims. 11/7/16 Ohio EPA Reply.

{¶7} The trial court granted the motions to dismiss in three separate judgment entries. It granted Appellee Ohio ERAC's motion to dismiss holding, "Plaintiffs' claims for monetary damages against Defendant are dismissed without prejudice pursuant to Civil Rules 12(B)(1) and 41(B)(4)(a). Plaintiffs' other claims are dismissed with prejudice." 12/1/16 J.E. Five days later, it granted Defendant Ohio EPA's motion to dismiss. 12/6/16 J.E. Two days following that decision, the trial

court granted Appellees Governor, Attorney General, and State of Ohio's Motion to Dismiss holding, "Plaintiffs' claims for monetary damages against State Defendants are dismissed without prejudice pursuant to Civil Rules 12(B)(1) and 41(B)(4)(a). The remainder of Plaintiffs' claims against the State Defendants are dismissed with prejudice." 12/8/16 J.E.

**{¶8}** Appellants appealed the December 1, 2016 decision granting Ohio ERAC's motion to dismiss and the December 8, 2016 decision granting Governor, Attorney General, and the State of Ohio's motion to dismiss. 12/7/16 NOA; 12/13/16 NOA. Appellants did not file a notice of appeal from the December 6, 2016 ruling and did not attach that judgment to either the December 7, 2016 or December 13, 2016 notices of appeal.

<u>Appeal from the December 1, 2016 Order</u>

**{¶9}** Three assignments of error are raised:

"The Trial Court Judge ERRORED when he decided fact, that were to be decided by a Jury." [sic]

"The Judge created an error when he dismissed the Ohio Environmental Protection Agency from the Civil Action based on issues of an Appeal to the Ohio Environmental Review Appeals Commission, when they claimed there were no new facts without the discovery process." [sic]

"The Judge created an error when he relied of Ohio Environmental Protection Agency's statement that the Court in Columbiana County Ohio lacked jurisdiction to hear the Civil Action." [sic]

**{¶10}** At the outset it is noted there are some procedural problems with the appeal of the December 1, 2016 decision.

**{¶11}** The appellate brief does not comply with the Appellate Rules; Appellants failed to comply with App.R. 12(A)(2). They do not cite to any legal authority in support of their arguments. Furthermore, the arguments are not developed, and the arguments are unclear. That said, this court, in the interest of justice, has attempted to decipher the arguments and address them.

**{¶12}** However, those issues are not the only procedural issues in this appeal. The assignments of error pertaining to the December 1, 2016 order argue the trial

court erred in dismissing the claims against Ohio EPA.  The December 1, 2016 order, however, was the trial court's granting Ohio ERAC's motion to dismiss.  Ohio EPA was dismissed in the trial court's December 6, 2016 order.  That order was not appealed.  The Appellate Civil Docketing Statements indicated the judgments being appealed were the December 1, 2016 judgment and the December 8, 2016 judgment.  12/7/16 Civil Docketing Statement; 12/13/16 Civil Docketing Statement.  The December 1, 2016 and the December 8, 2016 orders are the only orders attached to the notices of appeal.  As such, Appellant did not invoke our jurisdiction to determine if the trial court erred when it dismissed the Ohio EPA from the civil action.  Accordingly, we cannot review whether the trial court's dismissal of the Ohio EPA was correct.

{¶13} Furthermore, Appellants' do not ask this court to overturn the trial court's decision to dismiss Ohio ERAC.  The appellate brief discusses Ohio EPA being dismissed from the action; it does not discuss Ohio ERAC.  Therefore, as to Ohio ERAC and the December 1, 2016 order it is within our authority to affirm the trial court's decision because there are no arguments presented to us that the dismissal of Ohio ERAC was incorrect.

{¶14} Despite those deficiencies, this court will address the merits of the December 1, 2016 order.  Ohio ERAC moved to dismiss the claims based on Civ.R. 12(B)(1) and Civ.R. 12(B)(6).  It was Ohio ERAC's position before the trial court and it is their position on appeal that even taking the factual allegations as true, there was not a viable civil rights claim and the Court of Claims has exclusive jurisdiction over claims seeking monetary damages against the state.  The trial court agreed and granted the motion to dismiss.

{¶15} We review the trial court's decision de novo.  *Morway v. Durkin*, 181 Ohio App.3d 195, 2009–Ohio–932, 908 N.E.2d 510, ¶ 18 (7th Dist.) (Review of Civ.R. 12(B)(1) ruling.); *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5 (Review of Civ.R. 12(B)(6) ruling.).  The standard of review for a dismissal for lack of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. *McKinney v. Noble Corr. Inst.*, 7th Dist. No.  10 NO 370, 2011-Ohio-3174,

¶ 10, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). For a court to dismiss under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. A Civ.R. 12(B)(6) motion tests only the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In ruling on a Civ.R. 12(B)(6) motion, the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). If there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

**{¶16}** The trial court's decision was correct. The Court of Claims has exclusive jurisdiction over the claims. The Court of Claims is a court of limited jurisdiction that has exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity in R.C. 2743.02. R.C. 2743.03 established the court of claims, granting it "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." R.C. 2743.03(A)(1). Thus, claims seeking legal relief from the state as permitted by the statutory waiver of immunity fall within the exclusive jurisdiction of the court of claims. *Id.*; *Cirino v. Ohio Bur. of Worker's Comp.*, 8th Dist. No. 104102, 2016-Ohio-8323, ¶ 46, citing *Measles v. Indus. Comm. of Ohio*, 128 Ohio St.3d 458, 2011-Ohio-1523, 946 N.E.2d 204, ¶ 7 (The court of claims "has exclusive jurisdiction over civil actions against the state for money damages that sound in law.").

**{¶17}** R.C. Chapter 2743 does not divest other courts of jurisdiction "to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief." *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, ¶ 9; R.C. 2743.03(A)(2). Where claims for damages are coupled with claims for

injunctive, declaratory or other equitable relief, however, all of the claims are within the exclusive, original jurisdiction of the court of claims. R.C. 2743.03(A)(2).

{¶18} The complaint clearly seeks monetary damages from the state; each Appellant sought five million dollars in damages. The damages were sought because Appellants were allegedly denied their right to appeal a decision to Ohio ERAC; the complaint stated, "The Environmental Review Appeals Commission created a denial of Due Process of Law, the Equal Protection of the Law towards Appellants, making an Appeal against the Ohio Environmental Protection Agency." 9/12/16 Complaint. The complaint sounded in law and was within the exclusive jurisdiction of the Court of Claims.

{¶19} Ohio ERAC additionally argues the complaint also raised a civil rights 1983 claim. According to it, a 1983 claim cannot be raised against the state because a state agency is not a person under 42 U.S.C. 1983. In response to this argument, Appellants asserted they were not raising a 1983 claim. 10/20/16 Plaintiffs Reply. However, Appellants did not explain what claim they were raising.

{¶20} Considering Appellants admission, it was not a 1983 claim. That said, it is unclear what claim was raised and how it would fall outside the Court of Claims exclusive jurisdiction. The complaint alleged no facts to demonstrate whether or not any of the defendants, let alone Ohio ERAC, violated their due process rights or equal protections rights.

{¶21} For these reasons, the trial court's December 1, 2016 order is affirmed.

<u>Appeal from the December 8, 2016 Order</u>

{¶22} Three assignments of error are raised as follows:

"The Trial Court Judge ERRORED when he decided fact, that were to be decided by a Jury." [sic]

"The Judge created an error when he dismissed the Ohio Attorney General; the State of Ohio and the Governor of the State of Ohio from the Civil Action based on issues of an Appeal to the Ohio Environmental Review Appeals Commission, when they claimed there were no new facts without the discovery process." [sic]

"The Judge created an error when he relied the State of Ohio; the Governor and the Ohio Attorney General's statements that the Court in Columbiana County Ohio lacked jurisdiction to hear the Civil Action." [sic]

**{¶23}** The brief for the appeal of the December 8, 2016 order also fails to comply with the Appellate Rules. Appellants failed to comply with App.R. 12(A)(2). They do not cite to any legal authority in support of their arguments. Furthermore, the arguments are not developed and the arguments are unclear. That said, in the interest of justice, we will address the decipherable issues.

**{¶24}** The Governor, Attorney General, and the State of Ohio moved to dismiss the complaint based on Civ.R. 12(B)(1) and Civ.R. 12(B)(6). Appellees Governor, Attorney General, and the State of Ohio asserted the Court of Claims has exclusive jurisdiction over the claims. They also asserted the complaint failed to state a claim upon which relief could be granted. The relief requested was either available through an administrative process, was not something Appellees could give, or Appellants had already attempted to achieve the result through the correct means but were unsuccessful.

**{¶25}** The trial court agreed and granted the motion to dismiss.

**{¶26}** As stated above, we review the trial court's decision de novo. *Morway*, 2009–Ohio–932 at ¶ 18; *Perrysburg Twp.*, 2004-Ohio-4362, at ¶ 5.

**{¶27}** The trial court's conclusion that it was without jurisdiction to decide the monetary damages issue was correct. The court of claims "has exclusive jurisdiction over civil actions against the state for money damages that sound in law." *Measles v. Indus. Comm. of Ohio*, 128 Ohio St.3d 458, 2011-Ohio-1523, 946 N.E.2d 204, ¶ 7.

**{¶28}** Furthermore, Appellants brought the underlying lawsuit seeking a court order directing the "State" to replace the director of Ohio EPA, remove all of the appointees of Ohio ERAC and replace them, and in replacing the appointees prohibit the Governor from replacing the appointees with people who work for or have worked for the Attorney General's Office.

**{¶29}** As to replacing the director of Ohio EPA, and removing and appointing new members to Ohio ERAC, a court cannot make such orders. As to Ohio ERAC, statutory law dictates, the governor appoints the members with the advice and

consent of the senate. R.C. 3745.02. The governor has the discretion to remove a member of the commission from office for conflict of interest, malfeasance, or nonfeasance, if certain notices and hearings are given and a statement is filed in the Secretary of State's Office. R.C. 3745.02. The statute states, "The action of the governor in removing the member from office is final." R.C. 3745.02.

{¶30} A writ of mandamus could be warranted to make a governor fill a vacancy on Ohio ERAC. However, it would not be warranted to make the governor exercise his discretion to fill the vacancy with a certain person or to remove a person from the position:

> Mandamus will not lie to control or limit the actions of the governor when those actions are dependent upon his judgment or discretion. A clear legal duty to act must be established before mandamus can compel performance. While it does not lie to control discretion, mandamus has been applied by the courts to compel the exercise of that discretion.

*State Ex Rel. Schiering v. Celeste*, 10th Dist. No. 83AP-241, 1983 WL 3622. *See also, State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 59 (3rd Dist.) (An executive decision on the allocation of funds or budget cuts is an act that is discretionary in nature and mandamus will not lie in a case where the Governor makes an executive decision to reduce the allocation of funds to state departments, agencies, offices, etc. in order to keep the state budget balanced, unless it could be found that the Governor clearly abused his discretion by neglecting or refusing to take any action to do so.); *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 127–28, 304 N.E.2d 382, 383 (1973) ("The writ of prohibition will issue to prevent a court from interfering with the Governor in the exercise of his discretionary powers as chief executive, absent a clear showing of abuse of that discretion; that interference being such a usurpation of power that it exceeds the court's jurisdiction.").

{¶31} Thus, the relief sought could not be granted.

{¶32} Furthermore, any request for the operating permits of the Negley, Ohio Landfill to be voided was already adjudicated in Ohio ERAC; the claims in this case

are merely a collateral attack on that judgment. Appellants appealed Ohio ERAC's decision to dismiss their appeal of the Ohio EPA's decision concerning permits to the Negley, Ohio Landfill. *Wallace v. Nally*, 7th Dist. No. 14 CO 32, 2015-Ohio-4146. We affirmed that decision. Therefore, the issue regarding the permits has been adjudicated and is final. Appellants cannot collaterally attack the judgment. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). There was no relief the trial court could grant on that request.

**{¶33}** For these reasons, the trial court's December 8, 2016 decision is correct.

### Conclusion

**{¶34}** Appellants' assignments of error are without merit. The trial court's December 1, 2016 and December 8, 2016 judgments are affirmed.

Donofrio, J., concurs.

Waite, J., concurs.