[Cite as *Williams v. Ohio Bur. of Motor Vehicles*, 2021-Ohio-2951.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS | : | |
| | : | |
| Appellant | : | Appellate Case No. 29089 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-292 |
| | : | |
| OHIO BUREAU OF MOTOR VEHICLES | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of August, 2021.

. . . . . . . . . . .

TRAVIS LANIER WILLIAMS, 1955 Kipling Drive, Dayton, Ohio 45406
        Appellant, Pro Se

BRIAN R. HONEN, Atty. Reg. No. 0084880, Attorney General of Ohio's Office, Executive
Agencies Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
        Attorney for Appellee

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Plaintiff-Appellant Travis Lanier Williams appeals from the judgment of the Montgomery County Court of Common Pleas granting Defendant-Appellee Ohio Bureau of Motor Vehicles' motion to dismiss pursuant to Civ.R. 12(B)(1) and Civ.R. 12(B)(6). For the reasons that follow, the trial court's judgment will be affirmed.

## I.     Facts and Procedural History

{¶ 2} On January 26, 2021, Williams filed a complaint against the BMV in the Montgomery County Court of Common Pleas captioned "Mediation: claim for violation of fifth amendment of the constitution the right to liberty upon the roads." The sole factual statement contained in Williams's complaint was that the BMV noted that he is a "non-driver" on his State identification card. While much of the rest of the document is made up of novel legal arguments and interpretations of case law and statutes, Williams did allege that his Fifth Amendment right to "liberty upon the roads" had been abridged. He further asserted that his claim had a monetary value of somewhere between $200 and $200,000,000. (Williams cited different sums at different parts of his complaint.)

{¶ 3} The BMV filed a motion to dismiss pursuant to Civ.R. 12(B). A little over a month later, the trial court granted the motion, explaining that it lacked jurisdiction over the suit because the Ohio Court of Claims has exclusive, original jurisdiction over monetary claims against the BMV. Further, it reasoned that even if it could exercise jurisdiction over Williams's complaint, he did not allege any cognizable claims against the agency. Williams now appeals that judgment.

## II.     The trial court is without jurisdiction to decide Williams's claim

{¶ 4} Williams does not include any assignments of error in his brief, nor does he

make any legal arguments; instead, the document is copied and pasted with snippets of case law from different jurisdictions around the country. Even though Williams's brief does not comply with any of the requirements of App.R. 16, the BMV has responded to what it construes to be his arguments: (1) the trial court erred when it dismissed Williams's complaint pursuant to Civ.R. 12(B)(1); and (2) the trial court erred when it dismissed Williams's complaint pursuant to Civ.R. 12(B)(6). We adopt that framework.

{¶ 5} Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) is de novo. *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 26 (2d Dist.). That means we independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13.

{¶ 6} Dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) requires that we determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide. *Carter* at ¶ 27. *See also Small World Early Childhood Ctr. v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-8336, 87 N.E.3d 1295, ¶ 11 (2d Dist.). It is only proper to dismiss "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 926, 936, 746 N.E.2d 222 (10th Dist.2000).

{¶ 7} "[W]hen jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 10, quoting *Ohio Natl. Life Ins. Co.*

*v. United States*, 922 F.2d 320, 324 (6th Cir.1990).

{¶ 8} In this case, the trial court did not have subject matter jurisdiction to decide Williams's claim because the ability to resolve monetary claims against the State of Ohio rests solely with the Court of Claims. "The Court of Claims is a court of limited jurisdiction that has exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity in R.C. 2743.02." *Vos v. State*, 2017-Ohio-4005, 91 N.E.3d 217, ¶ 16 (7th Dist.); *see also* R.C. 2743.03. The Court of Claims has "exclusive jurisdiction over civil actions against the state for money damages sounding in law." *Measles v. Indus. Comm. of Ohio*, 128 Ohio St.3d 458, 2011-Ohio-1523, 946 N.E.2d 204, ¶ 7. This is true even where ancillary relief such as an injunction or declaratory judgment is sought in addition to monetary damages. *Id.*, citing *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103, 579 N.E.2d 695 (1991).

{¶ 9} In his complaint, Williams asked for varying amounts of money from the BMV to compensate him for perceived constitutional violations. On the cover page of the complaint, he stated that he wanted $1,000,000 "for being deprived of my rights to liberty." Later, that number jumped to $200,000,000. Finally, on the last page of Williams's complaint, he stated that relief would be granted if "they agree to pay $200 for depriving me of my rights." While it is unclear exactly how much compensation Williams wanted from the BMV, it is clear he sought money damages against a state entity, and hence, the Court of Claims had exclusive jurisdiction over the claims. The trial court did not abuse its discretion by granting the BMV's Civ.R. 12(B)(1) motion to dismiss.

{¶ 10} The trial court also considered the case under Civ.R. 12(B)(6). To dismiss a complaint on Civ.R. 12(B)(6) grounds, "it must appear beyond doubt that the plaintiff

can prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. While the trial court found it proper to dismiss the case under Civ.R. 12(B)(6), it is unnecessary for us to consider the matter, having previously concluded that Williams's claim fell under the exclusive jurisdiction of the Court of Claims.

{¶ 11} Because the trial court lacked jurisdiction to decide the suit, it did not err by granting the BMV's motion to dismiss.

## III.    Conclusion

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Travis Lanier Williams
Brian R. Honen
Hon. Gerald Parker