WILKERSON, Appellant,

v.

HOWELL CONTRACTORS, INC., Appellee.

[Cite as *Wilkerson v. Howell Contrs., Inc.*, 163 Ohio App.3d 38, 2005-Ohio-4418.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040634.

Decided Aug. 26, 2005.

Theodore J. Froncek, for appellant.

Poston, Seifried & Schloemer and Kent W. Seifried, for appellee.

Per Curiam.

{¶ 1} Plaintiff-appellant, Stefen Wilkerson, appeals the judgment of the Hamilton County Court of Common Pleas dismissing his employment-discrimination claims against defendant-appellee, Howell Contractors, Inc. ("Howell"), for lack of subject-matter jurisdiction. For the following reasons, we reverse the judgment of the trial court.

{¶ 2} Wilkerson, an African–American male residing in Ohio, was originally hired as a laborer in February or March 2000 by Howell, a Kentucky corporation engaged in the business of underground utility construction for municipalities and private developers. Wilkerson was laid off in July 2001, but was subsequently rehired in February 2002. In August 2002, Howell terminated Wilkerson's employment. Wilkerson claimed, and it was not disputed, that Howell hired a white worker to replace him.

{¶ 3} Ultimately, Wilkerson filed a complaint with the Kentucky Human Rights Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging unlawful employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964. The EEOC office in Louisville, Kentucky investigated the complaint and suggested mediation between the parties. The mediation failed, and the EEOC provided a "right to sue" letter to Wilkerson, informing him that he had 90 days from receipt of the letter to file a suit in state or federal court relating to his allegations of discrimination. The letter stated that "generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office."

{¶ 4} Wilkerson filed suit in the Hamilton County Court of Common Pleas, alleging, among other things, two types of racial discrimination by his employer: (1) racially disparate treatment (being terminated in August 2002 and replaced by

a white male) and (2) a racially hostile work environment (Wilkerson was subjected to daily racial slurs by the foreman on the job site). Wilkerson claimed that these actions by Howell violated the Ohio Civil Rights Act[1] and Title VII of the Civil Rights Act of 1964 ("Title VII").[2]

{¶ 5} Howell moved to dismiss the claims for lack of subject-matter jurisdiction, submitting the affidavit of Theresa Howell, its human resource director, and a copy of the Notice of Charge of Discrimination in support of its motion. Theresa stated in her affidavit (1) that Wilkerson's termination in August 2002 "took place in Kentucky," (2) that Wilkerson was working on a job in Kentucky when he was terminated, and (3) that Wilkerson's employment records were maintained at Howell's offices in Ft. Wright, Kentucky. Theresa further stated that "Howell conducts its business in both Kentucky and Ohio" and that Wilkerson, during his employment, worked on jobs in both Kentucky and Ohio. The Notice of Charge of Discrimination ("notice letter"), which was a notice issued by the EEOC that informed an employer that a complaint had been filed against it, stated that the alleged discriminatory conduct occurred in Ft. Wright, Kentucky.

{¶ 6} Wilkerson opposed the motion to dismiss, submitting his own affidavit stating that "the second time [he] was terminated it occurred on Enyart Road in Cincinnati, Ohio." Wilkerson also stated that Howell had "created a hostile work environment when its supervisory employees permitted themselves and others to make racial slurs and direct racial slurs toward me." He alleged in his complaint that at least one derogatory comment was made in his presence when he was working on a job site in Hamilton County, Ohio.

{¶ 7} The trial court dismissed the racial discrimination claims for lack of subject-matter jurisdiction, determining that the discriminatory conduct complained of had occurred in Kentucky. The trial court based its decision on (1) Wilkerson's "statement *. * * [that] the alleged incident giving rise to claims of racial discrimination occurred in Kentucky," (2) statements in Wilkerson's affidavit that contradicted his "allegation in his [EEOC] claim," and (3) the indication in the notice letter that "the place of the alleged violation [was] Fort Wright, KY."

{¶ 8} Wilkerson now asserts in two assignments of error that the trial court erred in dismissing both the federal and the state racial discrimination claims for lack of subject-matter jurisdiction.

## Standard of Review

{¶ 9} When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff

---

1. See R.C. Chapter 4112.

2. See Section 2000(e)–2(a), Title 42, U.S.Code.

has alleged any cause of action that the court has authority to decide.[3] In so determining, the trial court is not confined to the allegations of the complaint, but may consider material pertinent to that inquiry without converting the motion into one for summary judgment.[4] The court may also hold an evidentiary hearing and resolve any disputed facts related to the court's inquiry into its jurisdiction over the subject matter.[5] Thus, a trial court may dismiss a complaint for lack of subject-matter jurisdiction based upon "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus [its] resolution of disputed facts." [6]

{¶ 10} "If the trial court's disposition of the [Civ.R. 12(B)(1)] motion was based on 'the complaint supplemented by undisputed facts evidenced in the record,' appellate review is limited to a determination of whether the facts are indeed undisputed and whether the trial court correctly applied the law. If the disposition of the motion was also based on the trial court's resolution of disputed factual issues, our standard of review is that applicable to any other determination founded upon a trial court's resolution of disputed factual issues, i.e., whether the trial court had before it competent and credible evidence to support its determination." [7]

### Federal Discrimination Claims

{¶ 11} It has been settled that state courts have concurrent subject-matter jurisdiction with federal courts over actions brought under Title VII.[8] But Congress has limited where such actions can be brought to four districts: "[1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found

---

3. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641.

4. *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526.

5. *Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351, 355, 594 N.E.2d 29.

6. Id., quoting *Williamson v. Tucker* (C.A.5, 1981), 645 F.2d 404, 414.

7. *Rijo v. Rijo* (Jan. 31, 1995), 1st Dist. No. C–930704, 1995 WL 35730.

8. *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, paragraph one of the syllabus; *Yellow Freight Sys., Inc. v. Donnelly* (1990), 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834.

within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." [9]

{¶ 12} As we have already noted, the trial court dismissed Wilkerson's Title VII claims because it found that Wilkerson had previously admitted that the discriminatory conduct had occurred in Kentucky. But the evidence that the court relied upon was simply not in the record. The court referred to an alleged statement that Wilkerson had made prior to submitting his affidavit that the discriminatory conduct occurred in Kentucky. But that statement is not in the record that has been transmitted for our review. Nor can we find a statement to that effect in Wilkerson's EEOC complaint. The complaint was on a standardized EEOC form that merely asked for the employer's business address, which was in Kentucky, and for a short statement of the discriminatory conduct. Wilkerson described the conduct but did not indicate in what state it had occurred. Finally, the notice letter did state that the alleged discriminatory conduct had occurred in Ft. Wright, Kentucky. But that letter was not signed by Wilkerson. It was a standardized letter issued by the EEOC to inform the employer that it was being investigated for alleged discriminatory conduct. The notice letter was signed by the EEOC officer assigned to Wilkerson's case.

{¶ 13} Because there is no statement in the record by Wilkerson that the discriminatory conduct occurred in Kentucky, the trial court could not have properly relied upon that ground to dismiss the Title VII claims. Accordingly, the affidavits of Wilkerson and Howell's human resource director were the only evidence outside of the complaint that the court had before it to determine where the alleged discriminatory conduct had occurred. Wilkerson stated that he was physically fired in Cincinnati, Ohio, and Howell's affidavit stated that Wilkerson was working on a job in Kentucky when he was fired. From the affidavit submitted by Howell, the court could have presumed that since Wilkerson was working on a job in Kentucky when he was terminated, he was physically told that he was fired while in Kentucky. But this disputed fact was not properly resolved by the trial court. The trial court improperly relied on alleged statements that were not in the record to resolve this dispute. Because the court could not have relied on those statements, it ultimately did not resolve the issue of where the discriminatory conduct occurred. But that was not ultimately a problem here.

{¶ 14} An employee may also file a Title VII claim in the state where the employee would have worked but for the discriminatory conduct. Here, it was undisputed that Howell conducted business in both Ohio and Kentucky and that

_____

9. See Section 2000(e)–5(f)(3), Title 42, U.S.Code.

Wilkerson, while an employee at Howell, actually worked in both Ohio and Kentucky. Further, Wilkerson's affidavit said that 80 percent of the work he had performed for Howell was in Ohio. This fact was not disputed by Howell. Thus, on the basis of the complaint, which alleged that the foreman on an Ohio job site had subjected Wilkerson to daily racial slurs, and the undisputed facts, including that Wilkerson had performed 80 percent of his work for Howell in Ohio, it is evident that but for the alleged discriminatory conduct, Wilkerson would have potentially worked in Ohio again. Accordingly, the Ohio court had subject-matter jurisdiction to hear Wilkerson's Title VII claims. The trial court failed to properly apply the law to the undisputed facts and erred in dismissing the Title VII claims for lack of subject-matter jurisdiction.

## State Discrimination Claims

{¶ 15} The trial court dismissed the racial discrimination claims brought under R.C. Chapter 4112, the Ohio Civil Rights Act, for lack of subject-matter jurisdiction on the basis that Wilkerson had admitted that the alleged discrimination had occurred in Kentucky. But as we have said, there is no evidence in the record to support the finding that Wilkerson had previously admitted that the alleged discriminatory conduct had occurred in Kentucky. Thus, this was not an appropriate basis to dismiss the state discrimination claims.

{¶ 16} R.C. 4112.02(A) forbids "any employer" to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [a] person with respect to hire, tenure, terms, conditions, or privileges of employment" on the basis of that person's "race, color, religion, sex, national origin, disability, age, or ancestry." "Employer" includes "any person employing four or more persons within the state and any person acting directly or indirectly in the interest of the employer." [10] The definition of "person" includes a corporation. [11] Because it was undisputed that Howell employed approximately 50 employees and conducted its business in both Ohio and Kentucky, Howell was subject to R.C. 4112.02(A).

{¶ 17} Wilkerson alleged in his complaint that he was hired by Howell to meet minority quotas when Howell was bidding on the Blue Rock Road Project in Hamilton County, Ohio, and that he was terminated when Howell was no longer contractually required to employ a specific number of minority employees. During this project, he alleged, he was subject to daily racial slurs by his supervisor and co-workers.

---

10. R.C. 4112.01(A)(2).

11. See R.C. 4112.01(A)(1).

{¶ 18} Based on these facts alleged in the complaint and the undisputed facts before the trial court—that Wilkerson performed 80 percent of his work for Howell in Ohio and that Howell conducted business in Ohio—we hold that the trial court had subject-matter jurisdiction over the state discrimination claims brought under R.C. Chapter 4112. This holding comports with the intent of R.C. Chapter 4112 to prevent discriminatory practices by employers who seek the benefit of the Ohio economy by having a minimum number of employees conducting the employer's business in Ohio.

{¶ 19} The trial court failed to properly apply the law and erred in dismissing the state discrimination claims brought under R.C. Chapter 4112 for lack of subject-matter jurisdiction.

{¶ 20} Accordingly, the first and second assignments of error are sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with the law.

Judgment reversed
and cause remanded.

DOAN, P.J., HILDEBRANDT, and GORMAN, JJ., concur.