OPINION
{¶ 1} Plaintiff the City of North Canton, Ohio appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed its complaint for declaratory judgment and injunction. North Canton sought to prevent the defendant City of Canton from annexing certain property in defendant Plain Township. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS OF APPELLEES, CITY OF CANTON, OHIO (AND SLIMAN AND VANCKUNAS), TO APPELLANT'S PREJUDICE."
 {¶ 3} The trial court dismissed the complaint pursuant to Civ. R. 12 (B)(1), lack of subject matter jurisdiction, and for lack of standing. When reviewing a complaint challenged by a Civ. R. 12 (B)(1) motion to dismiss, the trial court must determine whether the plaintiff presents any action recognizable by the court, State ex rel. Bush v. Spurlock (1989),42 Ohio St. 3d 77. When this court reviews the trial court's disposition of the motion to dismiss for lack of subject matter jurisdiction, we review the matter de novo, to determine whether the trial court correctly construed the applicable law, see, e.g., Wilkerson v.Howell Contractors, Inc., 163 Ohio App. 3d 38, 2005-Ohio-4418.
 {¶ 4} The parties stipulated to the following facts. On August 27, 2004, the City of North Canton entered into an agreement with Metro Regional Transit Authority which, among other things, provided for the annexation of a portion of Metro's property to North Canton. As part of the agreement, North Canton agreed to partially fund the design and construction management costs for reconstruction of certain bridges on the property in question.
 {¶ 5} On August 31, 2004, the City of Canton filed a petition with the Board of County Commissioners for annexation of two parcels of land, including some of Metro's property which was the subject of the contract between Metro and North Canton. The City of Canton filed its petition pursuant to the special annexation procedures set forth in R.C. 709.023.
 {¶ 6} On September 27, 2004, the City of North Canton filed its petition for annexation of Metro's property to North Canton. The petition was signed by a representative of Metro. No representative of Metro signed the Canton petition.
 {¶ 7} On September 28, 2004, the county commissioners held a hearing on the Canton petition for annexation, and approved the petition. Thereafter, the City of North Canton filed suit, citing its contract with Metro and challenging the constitutionality of R.C. 709.02.
 {¶ 8} R.C. 709.02 (E) defines the word "owner" or "owners" as, inter alia, any adult individual, the State or any political subdivision, any firm, trustee, or private corporation which owns a freehold estate in land. However, the statute also provides easements, and railroad, utility, street, or highway rights of way held in fee, by easement or by dedication are not to be considered freehold estates for purposes of sections R.C. 709.02
et seq.
 {¶ 9} R.C. 709.07, as recently amended, abolished the right to appeal certain types of annexation, and limited the parties who may institute an appeal. It also provides appeals can only be made to an administrative appeal pursuant to R.C. Chapter 2506.
 {¶ 10} The trial court found the statutes explicitly provide there is no right of appeal from a decision of the county commissioners granting an expedited type two annexation, as the one before us is. The court also found even if the statute authorized an appeal, North Canton was not a signatory to the Canton annexation petition, and is not one of the parties authorized by statute to pursue an administrative appeal under R.C. 709.07. The trial court concluded it did not have subject matter jurisdiction to review the expedited type two annexation. We agree.
 {¶ 11} The trial court also found North Canton does not have standing to challenge the constitutionality of R.C. 709.02, which excluded Metro from participating in the annexation of its property. North Canton argues the statute violates the equal protection clause by creating two disparately treated classes of property owners for purposes of annexation procedures. The trial court found the constitutionality of the statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied, and who has not been injured by the alleged unconstitutional provision, citing Palazzi v. Estate ofGardner (1987), 32 Ohio St. 3d 169.
 {¶ 12} North Canton urges its contract with Metro gives it standing because North Canton is injured by the definition which excludes Metro. Because North Canton has a contract with Metro, the statute as applied affects North Canton's rights.
 {¶ 13} We agree with the trial court North Canton does not have standing to challenge the constitutionality of the statute. North Canton is not an owner or party to the challenged annexation, and Metro has not appealed the annexation. A political subdivision does not receive any protection from the Equal Protection and Due Process Clauses against the state, AvonLake City School District v. Limbaugh (1988), 35 Ohio St.3d 118
at 121-22.
 {¶ 14} Finally, North Canton reminds us Ohio has long recognized one of the bench marks of annexation law is that property owners should have the right to choose the political subdivision to which their properties will be annexed. North Canton cites Middletown v. McGee (1988), 39 Ohio St. 3d 286, as authority for the proposition that, in enacting the statutes governing annexation, one of the intentions of the legislature was to give the property owner freedom of choice as to which governmental subdivision his property will be located. However, it appears clear in the statutory scheme before us, the intention of the legislature was to exclude entities such as railroads from participation in certain types of annexation procedures.
 {¶ 15} We find the trial court did not err in finding it did not have jurisdiction over the subject matter of this action, because the statute limits the persons who may appeal, and provides for administrative procedures only. We further find the trial court correctly found North Canton did not have standing to challenge the constitutionality of the statute.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.