[Cite as *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. Commrs.*, 2016-Ohio-859.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO EX REL.,
THE NATIONAL LIME AND
STONE COMPANY,

     RELATOR,                             CASE NO. 9-15-24

     v.

BOARD OF MARION COUNTY               J U D G M E N T
COMMISSIONERS,                           E N T R Y

     RESPONDENTS.

**PER CURIAM:**

{¶1} This matter comes on for final determination of Relator's petition for writ of mandamus. In addition to the petition and response, before the Court are Respondents' replies to interrogatories, requests for production, and requests for admission; the parties' stipulated statement of facts; Relator's brief in support of the writ; and Respondents' brief seeking dismissal.

{¶2} The parties' stipulations include the following facts. Relator, an Ohio corporation, is a limestone aggregates and industrial minerals mining company that owns 224.257 acres of property in Grand Prairie Township, Marion County, Ohio. Norfolk Southern Railway ("NSR") has an ownership interest in a strip of land running through the southeast portion of Relator's property. The NSR

property was acquired by two deeds, executed in 1892 and 1896, both from David H. Harvey, unmarried, to Sandusky & Columbus (& Hocking) Short Line Railway Company, predecessor in interest to NSR.

{¶3} Relator filed a Petition for Expedited Type 2 Annexation ("petition to annex") with Respondents ("the Board") requesting that Relator's property be annexed from Grand Prairie Township to the City of Marion, pursuant to R.C. 709.021 and 709.023. Pursuant to the procedures required by statute, notice of the petition to annex was sent to the Marion City Clerk of Council and Grand Prairie Township. Relator did not notify NSR or seek its consent for the petition to annex. The City of Marion issued a resolution approving the petition to annex; the Board of Township Trustees of Grand Prairie Township objected to the proposed annexation; and, on May 15, 2014, the Board of County Commissioners unanimously passed Resolution #2014-0317 denying the petition to annex.

{¶4} The instant petition seeks a writ of mandamus ordering the Board to approve Relator's petition to annex its 224.257 acres of property to the City of Marion. Relator asserts that the Board has a clear legal duty to approve the petition to annex because all legal conditions were met, including that all "owners" of real estate in the territory proposed for annexation signed the petition. The Board asserts that Relator has no clear legal right to the relief requested

because NSR is an "owner" of real estate in the proposed territory and NSR did not sign the petition to annex, so all legal conditions were not met for granting annexation. Thus, the Board asserts that it lawfully denied the petition to annex, and this action must be dismissed.

{¶5} A writ of mandamus is the proper remedy when a board of commissioners fails to perform its duties in regard to special annexation procedure. There is no right to appeal in law or equity from the board of county commissioner's entry of any resolution on a Type 2 annexation petition; rather, a party may seek a writ of mandamus to compel the board to perform its duties under this section. R.C. 709.023(A) and (G).

{¶6} The expedited procedure for Type 2 annexation, where all owners unanimously request annexation authorized in R.C. 709.021, is conducted pursuant to R.C. 709.023 and summarized as follows. A petition requesting annexation of land that is not to be excluded from the township under R.C. 503.07 must be signed by all of the owners of the land in the unincorporated territory of the township requesting annexation into the municipal corporation that is contiguous to that territory. R.C. 709.021(A) and R.C. 709.023(A). The petition must be filed in the office of the clerk of the board of county commissioners and timely notices of same are required to be transmitted. R.C. 709.023(B) and (C).

{¶7} If the municipal corporation or township files an ordinance or resolution with the board of county commissioners that objects to the proposed annexation, the board of county commissioners shall timely proceed to review the petition to determine if each condition set forth in R.C. 709.023(E)(1) through (7) has been met. R.C. 709.023(D). If the board finds that each condition has been met, it shall enter a resolution granting the annexation. If the board finds that one or more conditions has not been met, the board shall enter a resolution stating which conditions have not been met and deny the petition. R.C. 709.023(F).

{¶8} In the instant case, after the township objected to the petition to annex, the Board entered a resolution finding that the petition failed to meet the conditions in R.C. 709.023(E)(1) and (2) because NSR is an "owner" of land in the territory proposed for annexation and NSR was required to sign the petition. Furthermore, the resolution stated that the petition failed to meet the condition in R.C. 709.023(E)(4) because the NSR property divides Relator's property, leaving the bulk of the property proposed for annexation not contiguous with the corporation limits of the City of Marion.

{¶9} Therefore, the decisive question is whether NSR meets the definition of an "owner" of real estate in the territory proposed for annexation under R.C. 709.02(E). We find that NSR is an "owner" under R.C. 709.02(E) and, as

-4-

stipulated, NSR did not sign the petition to annex. As a result, the conditions in R.C. 709.023(E)(1) and (2) had not been met and the Board performed its duties in regard to special annexation procedure by denying Relator's petition to annex.

{¶10} R.C. 709.02(E) provides the definition of "owner" for purpose of establishing who is required to sign a petition to annex. The statute provides:

> '[O]wner' or 'owners' means any adult individual who is legally competent, the state or any political subdivision * * *, and any firm, trustee, or **private corporation**, any of **which is seized of a freehold estate in land**; **except** that easements and **any railroad, utility, street, and highway rights-of-way held in fee**, by easement, or by dedication and acceptance are not included within those meanings[.]

(Emphasis added).

{¶11} This definition has been found to be ambiguous. *State ex rel. Butler Twp. Bd. Of Trustees v. Montgomery Cty. Bd. Of Commrs.*, 112 Ohio St.3d 262, 2006-Ohio-6411, ¶ 25. Nevertheless, we are not persuaded by the strained assertion of Relator that NSR merely "owns land in fee for the purpose of operating a railroad – in other words, a 'right of way held in fee.'" (Relator's Brief, Pg. 11.)

{¶12} As the Board argues and the evidence shows, NSR's ownership interest is not that of a right-of-way, but an owner in fee simple by general warranty deed. For example, the 1892 deed, in pertinent part, reflects that the grantor transferred to NSR's predecessor in title, and its assigns forever, 4 and 35/100 acres, more or

-5-

less, "being a strip of ground 60 feet wide through my entire premises * * * with all the privileges and appurtenances interests belonging," with covenant by the grantor and his heirs to the grantee and its assigns that the grantor is lawfully seized of the premises, said premises are free and clear from all encumbrances whatsoever, and the grantor will forever warrant and defend the same. Consequently, NSR is "seized of a freehold in the land" described. Nothing in the deed supports the assertion that the interest transferred is an easement, right-of-way, or a "fee for the purpose of operating a railroad." Therefore, the exception found in R.C. 709.02(E) to the definition of an "owner" for purpose of R.C. 709.023 is not applicable.

{¶13} This Court's interpretation and analysis is consistent with the decision reached in *Lawrence Twp. Bd. Of Trustees v. Canal Fulton*, 5th Dist. Stark No. 2008CA00021, 2009-Ohio-759, where the same issue was presented, whether the board of commissioners has a clear legal duty to approve or reject a Type 2 petition for annexation when the territory proposed for annexation includes property owned by a railroad, and the railroad did not sign the petition or appear in the proceeding.

{¶14} The court in *Lawrence* reversed the trial court's grant of summary judgment, holding that resolution of the issue "depends upon a determination of

whether [the railroad] is a fee simple owner of the land upon which its tracks sit or whether it merely possesses a right of way or easement in fee upon the land(s) of another within the territory to be annexed." Id. at ¶ 37. Due to a lack of evidentiary material, the case was remanded to resolve the factual issue of whether the railroad "owns the land under its tracks in fee simple or merely owns a fee interest in a right-of-way over the land." Id. at ¶ 39. The dissent followed the same rationale, but concluded that evidence existing in the record "undisputedly establishes that [the railroad] is the owner of a railroad right-of-way" and not an "owner" under R.C. 709.02(E).

{¶15} Relator's brief argues alternatively that the language and legislative intent of R.C. 709.02(E) is to specifically exclude entities such as railroads (regardless of interest) from the definition of "owner" for purposes of annexation procedure. We disagree and are not persuaded that this sweeping interpretation, and the constitutional implications arising therefrom, have been addressed and accepted.

{¶16} The only reference to legislative intent is a statement appearing prior to the *Lawrence* opinion, in *N. Canton v. Canton*, 5th Dist. Stark No. 2005-CA-00123, 2005-Ohio-6953, ¶ 14. This reference was included in dicta, with no analysis or support, after the appellate court held that the trial court properly dismissed the case for lack of subject matter jurisdiction and, even assuming it had

jurisdiction, the municipal corporation lacked standing to challenge the constitutionality of R.C. 709.02(E). On appeal, the Ohio Supreme Court's opinion reiterated the statement, but specifically limited its holding to the narrow issue of whether a municipality has standing to challenge the constitutionality of R.C. 709.02(E). *N. Canton v. Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, ¶ 8.

{¶17} Conversely, when provided the opportunity to directly construe the language and legislative intent of "owner" under R.C. 709.02(E), the Ohio Supreme Court addressed the "exception clause" for rights-of-way and easement holders and held that landowners under a roadway easement must be counted as "owners" because they have an "undeniable and definite property ownership interest." *State ex rel. Butler Twp. Bd. Of Trustees v. Montgomery Cty. Bd. Of Commrs.*, 112 Ohio St.3d 262, 2006-Ohio-6411, ¶ 46.

{¶18} As the successor in interest to and owner in fee simple by general warranty deed, NSR has no less of an "undeniable and definite" property interest in the narrow strip of real estate located in the territory proposed for annexation.

{¶19} Accordingly, Relator's petition to annex failed to meet the conditions set forth in R.C. 709.023(E)(1) and (2), requiring that the petition be signed by all "owners" of real estate in the territory proposed for annexation, and we need not address the contiguous boundary condition found in R.C. 709.023(E)(4). The

Case No. 9-15-24

Board performed its legal duty by denying Relator's petition to annex and the instant action for writ of mandamus is without merit and must be dismissed.

{¶20} It is therefore **ORDERED** that Relator's petition for writ of mandamus be, and hereby is, dismissed with costs assessed to Relator for which judgment is hereby rendered.

/S/   SHAW, P.J.
JUDGE

/S/   WILLAMOWSKI
JUDGE

/S/   JENSEN
JUDGE **

TO THE CLERK:

Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

/S/   SHAW
PRESIDING JUDGE
(Signed pursuant to App. R. 15(c))

**    Judge James Dean Jensen of the Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

Case No. 9-15-24

DATED:   March 7, 2016