JUDGES: Hon. Mary DeGenaro, Hon. Gene Donofrio, Hon. Cheryl L. Waite
OPINION
DeGENARO, J.
{¶ 1} Plaintiff-Appellant Martina Marzano appeals the trial court's summary judgment in favor of Defendant-Appellees Struthers City School District Board of Education, former Superintendent Joseph Nohra and Lead Elementary School Principal Dennis Hynes, on her intentional infliction of emotional distress (IIED) claim. Marzano asserts that the trial court erred by concluding that Marzano's claim is governed by the terms and conditions of a collective bargaining agreement pursuant to which, her sole and exclusive remedy is the grievance procedure; and that thus it lacked subject matter jurisdiction. As Marzano's sole assignment of error is meritless the judgment of the trial court is affirmed.
{¶ 2} Marzano was employed by Struthers as a paraprofessional/personal attendant for special needs children and is a member of The Ohio Association of Public School Employees, Ohio Local 4/AFSCME-AFL-CIO and its Local # 261. Marzano's employment is governed by the terms and conditions of a CBA between the Union and Struthers, which, pertinent to this appeal, contains a grievance procedure. The CBA defines a grievance as "a disagreement involving a work situation or employee(s) belief that there has been a violation, misinterpretation, or misapplication of the written contract entered into between the Board and OAPSE, or regulations regarding working conditions."
{¶ 3} Marzano filed a complaint, asserting a single cause of action for IIED, stating she suffered "serious emotional and psychological harm" based upon the "outrageous" conduct of Struthers, by and through its employees, Nohra and Hynes, and on that basis, she sought compensatory and punitive damages.
{¶ 4} Appellees filed a joint motion to dismiss the complaint on two grounds. First, pursuant to Civ.R. 12(B)(1), the trial court lacked subject matter jurisdiction because under R.C. 4117.10(A) her IIED claim was governed by the parties' CBA which dictates that the grievance procedure is her exclusive remedy. Second, pursuant to Civ.R. 12(B)(6), Marzano's complaint failed to state a claim for IIED
*1119 because all of her allegations constituted routine and common complaints about workplace conditions that, as a matter of law, do not qualify as "extreme and outrageous" conduct. Appellees supported the motion with three exhibits: the CBA between Struthers and the Union; an Employee Information Sheet regarding Marzano; and the affidavit of Joseph Nohra, in which he averred, among other things, that Marzano did not file a grievance as required by the CBA.
{¶ 5} The magistrate issued an order sua sponte converting Appellees' motion to dismiss to a motion for summary judgment since it contained "matters outside the pleadings." Marzano failed to challenge this order; instead she filed a brief in opposition without any evidentiary support to counter Appellees' evidentiary offerings, and continued to treat Appellees' motion as a motion to dismiss, despite the magistrate converting the motion to one for summary judgment.
{¶ 6} The trial court granted summary judgment in favor of Appellees, ruling that Marzano's claim is governed by the terms and conditions of the CBA, pursuant to which, her exclusive remedy is the grievance procedure contained therein. Accordingly, the trial court concluded it lacked subject matter jurisdiction to consider Marzano's IIED claim. The trial court did not address Appellees' alternative argument that Marzano's allegations constituted complaints about routine workplace conditions that, as a matter of law, do not qualify as "extreme and outrageous" conduct sufficient to state an IIED claim.
R.C. 4117.10
{¶ 7} In her sole assignment of error, Marzano asserts:
* * * [T]he trial court improperly determined that because of the existence of a collective bargaining agreement it lacked subject matter jurisdiction over Marzano's Complaint that alleged intentional infliction of emotional harm.
{¶ 8} Marzano challenges the trial court's decision to grant summary judgment, which is subject to de novo review. Parenti v. Goodyear Tire & Rubber Co. , 66 Ohio App.3d 826, 829, 586 N.E.2d 1121 (9th Dist. 1990). Summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law, based upon the filing contemplated by the rule. Civ.R. 56. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt , 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id . at 293, 662 N.E.2d 264.
{¶ 9} Turning first to Marzano's procedural argument, she contends the trial court erroneously converted Appellees' motion to dismiss to one for summary judgment. Although the distinction is meaningless with regard to our standard of review-de novo-the governing procedural law for these motions is different. Compare motions under Civ.R. 56(C), as discussed above, with those under Civ.R. 12(B)(1) (whether any cause of action cognizable by the forum has been raised in the complaint), and Civ.R. 12(B)(6) (whether it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.) Vos v. State , 2017-Ohio-4005, 91 N.E.3d 217, ¶ 15 (7th Dist.).
*1120 {¶ 10} However, Marzano failed to raise this issue to the trial court by filing a motion to set aside the magistrate's order, pursuant to Civ.R. 53(D)(2)(b), thus we review for plain error only.
{¶ 11} Plain error review is not favored in civil cases and should only be used in the "extremely rare case involving exceptional circumstance where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Kirin v. Kirin , 7th Dist. No. 08 MA 243, 2011-Ohio-663, 2011 WL 497080, ¶ 19, quoting Goldfuss v. Davidson , 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), at paragraph one of the syllabus.
{¶ 12} The trial court's decision to convert the motion to dismiss to a motion for summary judgment was not error, let alone plain error. When deciding a Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction the trial court is not confined to the allegations in the complaint and may consider material pertinent to the inquiry without converting it to a motion for summary judgment. See Wilkerson v. Howell Contractors , 163 Ohio App.3d 38, 2005-Ohio-4418, 836 N.E.2d 29, ¶ 9 (1st Dist.). However, here Appellees filed their motion pursuant to both Civ.R. 12(B)(1)and Civ.R 12(B)(6) for failure to state a claim upon which relief can be granted.
When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
{¶ 13} Appellees attached evidence to their motion that fell outside of that presented in the complaint, specifically the CBA between Struthers and the Union, an Employee Information Sheet regarding Marzano, and the affidavit of Joseph Nohra. Accordingly, the trial court properly converted the motion to a motion for summary judgment; doing so was not error, let alone plain error.
{¶ 14} Turning to Marzano's substantive arguments, "R.C. Chapter 4117 establishes a framework for resolving public sector labor disputes by creating procedures and remedies to enforce those rights." Fischer v. Kent State Univ. , 2015-Ohio-3569, 41 N.E.3d 840, ¶ 18 (10th Dist.). R.C. 4117.10(A) provides that a collective bargaining agreement between a public employer and the bargaining unit "controls all matters related to the terms and conditions of employment and, further, when the collective bargaining agreement provides for binding arbitration, R.C. 4117.10(A) recognizes that arbitration provides the exclusive remedy for violations of an employee's employment rights." Gudin v. Western Reserve Psychiatric Hosp ., 10th Dist. No. 00AP-912, 2001 WL 664389 (June 14, 2001).
{¶ 15} Specifically, R.C. 4117.10(A) states, in pertinent part:
An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction *1121 to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. * * *
R.C. 4117.10(A).
{¶ 16} As IIED claims are rooted in the common law, the plaintiff must demonstrate: (1) defendants either intended to cause emotional distress or knew or should have known the actions taken would result in serious emotional distress to plaintiff; (2) defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendants' actions were the proximate cause of plaintiff's psychic injury; and (4) the mental anguish suffered by plaintiff is so serious and of a nature that no reasonable person could be expected to endure it. Bennett v. Columbiana Cty. Coroner , 2016-Ohio-7182, 72 N.E.3d 242, ¶ 53 (7th Dist.), citing Burkes v. Stidham , 107 Ohio App.3d 363, 668 N.E.2d 982 (8th Dist. 1995).
{¶ 17} Ohio courts will dismiss IIED claims for lack of subject matter jurisdiction when the allegations underlying the claim are governed by a collective bargaining agreement with a grievance procedure requiring final and binding arbitration. See, e.g. , Gudin , Fischer .
{¶ 18} For example, in Fischer , the appellant, a former professor at Kent State, complained that the University knowingly made false and malicious statements and allegations about him with regard to his conduct as a professor and that this along with correspondence from the Chair of the Faculty Advisory Committee to the Provost caused him emotional distress. Id. at ¶ 6. The Tenth District affirmed the trial court's dismissal of the IIED claim for lack of subject matter jurisdiction, reasoning that: "for us to determine whether [the University] acted in a manner that could possibly be retaliatory, or intended to cause emotional distress, we would need to examine the CBA policy on sanctions," and "these claims are also preempted" by the collective bargaining agreement." Id. at ¶ 19.
{¶ 19} In Gudin , a registered nurse and former employee filed her complaint against her employer in the Ohio Court of Claims raising, inter alia, a claim for IIED. Gudin generally alleged that she was forced to seek early retirement from her employment at the Western Reserve Psychiatric Hospital due to harassing and humiliating conduct of her supervisors. Gudin at *1. At the close of Gudin's case, the trial court granted the Hospital's motion to dismiss on two alternative grounds: (1) the court lacked jurisdiction over her claim because it fell within the grievance provisions of the CBS governing her employment with the Hospital; and (2) she failed to prove a prima facie case of IIED.
{¶ 20} The Tenth District noted that "state-law claims are preempted in two situations: (1) if the state claim is founded on rights created by collective bargaining agreements; or (2) if the rights are created by state law but the application of the law is dependent on an analysis or interpretation of a collective bargaining agreement." Gudin, supra , at *3. The Tenth District went on to hold that, "[w]hether a common law IIED claim is preempted by the collective bargaining agreement * * * is [dependent] upon a case-by-case analysis of the alleged factual conduct forming the basis for plaintiff's claim." Gudin at *3. Accordingly, we look at specific allegations made by Marzano in her complaint.
{¶ 21} All of Marzano's allegations fall under the purview of the collective bargaining agreement. For example, she claims that Struthers did not tell her why discipline was being considered. The CBA's specifies that "[b]efore the employee may be suspended without pay or dismissed, *1122 the employer must provide the employee with notice of the charges * * *." Regarding Marzano claims that her job duties were restricted, she was denied tools and supplies needed to perform her job duties, her student assignment was improperly changed, and she was not told why this assignment was changed, these allegations fall within the CBA's grievance definition, as Article XIV enumerates rules governing job descriptions and the duties of Paraprofessionals. Likewise, Marzano's allegations that Struthers refused to tell her who complained about her or the nature of those complaints are governed by the CBA's grievance definition that "[a]nonymous letters and materials shall not be placed in an employee's file, nor shall they be made a matter of record."
{¶ 22} Marzano's remaining allegations, including that "teachers and other employees deliberately shun [her]," fall within the Agreement's definition of grievance as well; they all fall under the category of "disagreement involving a work situation" or a "belief that there has been a violation * * * regarding working conditions."
{¶ 23} The bare allegations in the complaint do not trigger, let alone maintain, the trial court's jurisdiction over Marzano's case; she offered no evidence in opposition to Appellees' converted summary judgment motion to demonstrate why her allegations fall outside of the CBA's broad definition of a grievance. Marzano does not dispute her membership in the Union, the application of the CBA to her public employment with Struthers, the terms of the CBA, its grievance definition, or the grievance procedure. Marzano provided no evidence in support of her brief in opposition to summary judgment.
{¶ 24} Thus, the trial court correctly concluded that Marzano's IIED claim is governed by the CBA, her sole remedy for her workplace complaints is the grievance procedure, and that the trial court therefore lacked subject matter jurisdiction over her claim. Accordingly, the trial court correctly granted summary judgment and Marzano's sole assignment of error is meritless.
{¶ 25} Appellees raise the following conditional assignment of error in support of the trial court's judgment:
If the trial court was not patently without jurisdiction, this court should dismiss Marzano's IIED claim pursuant to Civ.R. 12(B)(6) where each and every alleged "outrageous" behavior constitutes nothing more than a run-of-the-mill employee-employer dispute over workplace conditions.
{¶ 26} With regard to conditional assignments of error we have held:
In a civil suit, a party has no standing to cross appeal a final judgment on the merits in its favor but may advance an assignment of error as appellee to prevent reversal of the final judgment that was in its favor. Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1 [553 N.E.2d 1371] ; R.C. 2505.22 ; App.R. 3(C). These rules allow an appellee who has not filed a notice of appeal from a trial court's decision to assign error to the trial court's actions. Duracote Corp. v. Goodyear Tire & Rubber Co. (1983), 2 Ohio St.3d 160 [443 N.E.2d 184] ; Parton v. Weilnau (1959), 169 Ohio St. 145 [158 N.E.2d 719]. Significantly, however, these errors may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment. Id. In other words, such assignments of error may be used only for the limited purpose of preventing the reversal of the judgment under review. Chapman v. Ohio State Dental Bd . (1986), 33 Ohio App.3d 324 [515 N.E.2d 992].
*1123 Holstein v. Ohio Valley Vulcanizing, Inc. , 7th Dist. No. 06 BE 41, 2007-Ohio-3329, 2007 WL 1879970, ¶ 35.
{¶ 27} Since the trial court was correct in granting summary judgment and dismissing the complaint for lack of subject matter jurisdiction, there is no need to address Appellees' conditional assignment of error. See Holstein at ¶ 36.
{¶ 28} In sum, the trial court properly granted summary judgment in favor of Appellees. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.