# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

THOMAS J. STEWART,

Plaintiff-Appellant,

v.

DAVID TERRY PUGH ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0014

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CV 307

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part
Reversed in Part and Remanded in Part

---

*Atty. Jinx S. Beachler*, 1620 East Broad Street, Suite 101, Columbus, Ohio 43203, for Plaintiff-Appellant and

*Atty. John T. McLandrich, Atty. Frank H. Scialdone, Atty. Terence L. Williams,* Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, Ohio 44139, for Defendants-Appellees.

Dated:
June 17, 2022

**Donofrio, P. J.**

{¶1}    Plaintiff-appellant, Thomas J. Stewart, appeals from a Belmont County Common Pleas Court judgment granting the motion of defendants-appellees, David Pugh and the City of St. Clairsville (the City), for judgment on the pleadings.

{¶2}    Appellant is a patrolman for the City.  Pugh was the mayor of the City during the relevant time.  On December 10, 2020, appellant filed a complaint against appellees (the City, Pugh as mayor, and Pugh in his individual capacity) asserting claims for libel, slander, and invasion of privacy.  Appellant attached a copy of a memorandum addressed to him and signed by Pugh setting out various disciplinary matters concerning his employment (the memorandum).  The memorandum contained the results of a pre-disciplinary hearing conference and found that appellant conducted personal business while on-duty, failed to take action on a reported crime, and left his shift early without informing the police chief.  It also detailed appellant's past disciplinary history.  Appellant alleged that Pugh, in his capacity as mayor, distributed the memorandum to various people, including local media outlets, and made oral statements regarding the matters contained in the memorandum.

{¶3}    Appellees answered the complaint, and then on February 9, 2021, filed a motion for judgment on the pleadings.  They asserted that the trial court lacked jurisdiction to hear appellant's claims because the claims were subject to binding arbitration under the terms of his collective bargaining agreement (CBA).  Appellees attached a copy of the CBA.

{¶4}    The trial court granted appellees' motion and dismissed appellant's complaint.  The court stated that where a CBA provides for binding arbitration of grievances for specific matters, that is the sole remedy available.  It noted that the CBA in this case provides that all disciplinary matters shall be carried out in a private manner and that the employer will not distribute an employee's disciplinary action without a public records request, court order, or similar request.  The court found that the basis of each of appellant's claims here arose out of appellees' publication of the disciplinary

Case No. 21 BE 0014

memorandum. Because it involved a disciplinary matter, the court found that pursuant to the CBA, appellees were bound to maintain confidentiality. The court then found that appellees were in violation of the CBA and appellant's allegations were subject to the arbitration provision. It concluded that appellant's exclusive remedy was to submit a grievance for breach of the confidentiality provision in accordance with the terms of the CBA.

{¶5} Appellant filed a timely notice of appeal on March 29, 2021. He now raises three assignments of error. As his first two assignments of error make the same argument, we will address them together.

{¶6} Appellant's first assignment of error states:

THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT FAILED TO INTERPRET OHIO CIVIL RULE 12(C) MOST FAVORABLE TO THE PLAINTIFF-APPELLANT AND GRANTED THE DEFENDANTS-APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶7} Appellant's second assignment of error states:

THE TRIAL COURT PREJUDICIALLY ERRED IN FINDING THAT THE PLAINTIFF-APPELLANT'S CLAIMS WERE BARRED BECAUSE OF THE COLLECTIVE BARGAINING AGREEMENT BEING THE PLAINTIFF-APPELLANT'S EXCLUSIVE REMEDY.

{¶8} Appellant argues that the trial court failed to construe all material allegations in the complaint in his favor. He asserts the trial court was wrong to determine that the CBA was his sole remedy. Appellant points out that his complaint does not mention the CBA. Further, he states that he asserted tort claims, not contract claims. Appellant argues that his claims arose outside of the CBA and stand on their own.

{¶9} Initially, we must point out that the trial court found that appellees breached the CBA. This is a determination that can only be made by an arbitrator. Thus, this "finding" by the trial court is to be disregarded.

{¶10} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Ahmed v. Sargus*, 7th Dist. Belmont No. 03-BE-63, 2005-Ohio-2382, ¶ 7. Therefore, this court conducts a de novo review. *Id.*

{¶11} Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Such a motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994). In ruling on a Civ.R. 12(C) motion, the court may grant judgment on the pleadings where no material factual issue exists and the moving party is entitled to judgment as a matter of law. *Id.* at 592-593. The court is to rely solely on the allegations in the pleadings and the plaintiff is entitled to have all material allegations in the complaint construed in his favor as true. *Id.* The court is limited to reviewing the complaint, the answer, and any exhibits attached to those pleadings. *Toman v. Humility of Mary Health Partners*, 7th Dist. Mahoning No. 13 MA 105, 2014-Ohio-4417, ¶ 11.

{¶12} In this case, appellant attached a copy of the memorandum to his complaint and appellees attached a copy of the CBA to their answer. Thus, in addition to the complaint and answer, the trial court was able to review these two documents as well.

{¶13} R.C. 4117.10(A) states that if a CBA provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure.

{¶14} The Ohio Supreme Court has held that if a party asserts rights that are independent of R.C. Chapter 4117, then that party's complaint may properly be heard in common pleas court. *Franklin Cty. Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), paragraph two of the syllabus. "But if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." *Id.*

{¶15} As to disciplinary matters the CBA here provides: "The Employer agrees that all disciplinary procedures shall be carried out in private and in a businesslike

manner." (Appellees' Answer, Ex. 2 CBA, Article 20, Section 4). In this case, the allegation underlying each of appellant's three claims is that appellees did not carry out appellant's disciplinary matters in a private manner. Appellant's allegations are that appellees published his disciplinary procedures both in writing and verbally to the local news media. Thus, these matters fall squarely within the terms of the CBA.

{¶16} Appellant argues that he raised tort claims and did not raise claims for breach of the CBA. But even though appellant raised tort claims, these claims were directly regarding matters covered by the CBA.

{¶17} The CBA defines "grievance" as "an allegation by a bargaining unit employee that there had been a breach, misinterpretation, or improper application of this Agreement." (Appellees' Answer, Ex. 2 CBA, Article 22, Section 1). Pursuant to the grievance procedure, "[a]ll grievances must be processed at the proper step in order to be considered at the next step." (Appellees' Answer, Ex. 2 CBA, Article 22, Section 1). The final step in the grievance procedure is binding arbitration. (Appellees' Answer, Ex. 2 CBA, Article 22, Section 3). Moreover, "[a]ny grievance which is not processed by the employee within the time limits provided shall be considered resolved based upon management's last answer." (Appellees' Answer, Ex. 2 CBA, Article 22, Section 2). There is no dispute in the record that appellant is a bargaining unit employee.

{¶18} Under these terms of the CBA and R.C. 4117.10(A), appellant's sole path of recourse, as to the City and as to Pugh in his capacity as mayor, for the claims he asserts is to file a grievance and follow the grievance procedure set out in the CBA.

{¶19} In a very similar case, the Eighth District found that the trial court was without jurisdiction to determine an employee's defamation claim against the school board when the alleged defamatory remarks were contained in a memoranda written for the purpose of initiating the disciplinary process as set forth in the CBA. *Hormann v. Cleveland Bd. of Educ.*, 8th Dist. Cuyahoga No. 71165, 1998 WL 702366 (Oct. 8, 1998). The appellate court determined the trial court was without jurisdiction to entertain appellee's claims of defamation as they were preempted by R.C. 4117.10. *Id.* at *3.

{¶20} And in another similar case, this court noted that Ohio courts will dismiss claims for intentional infliction of emotional distress for lack of subject matter jurisdiction when the allegations underlying the claim are governed by a collective bargaining

agreement with a grievance procedure requiring final and binding arbitration. *Marzano v. Struthers City School Dist. Bd. of Education*, 7th Dist. Mahoning No. 16 MA 0179, 2017-Ohio-7768, ¶ 17. In that case, we found that all of Marzano's allegations fell under the purview of the collective bargaining agreement. *Id.* at ¶ 21. For example, we cited to Marzano's claim that the school board did not tell her why discipline was being considered. *Id.* We pointed out that the CBA in that case specified that "[b]efore the employee may be suspended without pay or dismissed, the employer must provide the employee with notice of the charges * * *." *Id.* We further noted that Marzano did not dispute her membership in the Union, the application of the CBA to her public employment with the school district, the terms of the CBA, its grievance definition, or the grievance procedure. *Id.* at ¶ 23. Therefore, we concluded that the trial court correctly concluded that the intentional infliction of emotional distress claim was governed by the CBA, her sole remedy for her workplace complaints was the grievance procedure, and that the trial court therefore lacked subject matter jurisdiction over her claim. *Id.* at ¶ 24.

**{¶21}** This court has also noted that "Ohio courts will dismiss common law intentional tort claims for lack of subject matter jurisdiction when the allegations underlying the claim are governed by a collective bargaining agreement." *E. Ohio Regional Wastewater Auth. v. Util. Workers Union of America, AFL-CIO, Local Union 436-A*, 7th Dist. Belmont No. 17 BE 0007, 2017-Ohio-9409, ¶ 26. Again, while appellant's complaint does not mention the CBA, the allegations on which his complaint are based are that appellees maliciously dispensed his disciplinary record to the public. Therefore, appellant's exclusive remedy in this case as to the City and as to Pugh in his capacity as mayor is to file a grievance in accordance with the CBA.

**{¶22}** Accordingly, appellant's first and second assignments of error are without merit and are overruled.

**{¶23}** Appellant's third assignment of error states:

> THE TRIAL COURT PREJUDICIALLY ERRED IN DISMISSING THE CLAIM AGAINST THE DEFENDANT-APPELLEE DAVID TERRY PUGH DUE TO THE FACT THAT HE WAS ALSO SUED IN HIS INDIVIDUAL CAPACITY.

**{¶24}** Finally, appellant contends the trial court did not address whether Pugh's actions were performed in his individual capacity or whether they were outside of his role as mayor.

**{¶25}** Appellees assert that appellant waived this issue because he failed to raise it in the trial court. But appellees are incorrect. Appellant specifically raised this issue to the trial court in his memorandum contra to appellees' motion for judgment on the pleadings.

**{¶26}** The trial court did not specifically address this issue however. It simply concluded that it did not have jurisdiction and dismissed the complaint.

**{¶27}** In order to dismiss a complaint for lack of subject matter jurisdiction, the court must determine whether the plaintiff has alleged *any* cause of action that the court has authority to decide. *Turner v. Tri-Cty. Baptist Church of Cincinnati*, 12th Dist. Butler No. CA2018-03-050, 2018-Ohio-4658, ¶ 11; *Assn. of Cleveland Firefighters, Local 93 I.A.F.F. v. Cleveland*, 8th Dist. Cuyahoga No. 101369, 2015-Ohio-1538, ¶ 14; *Wilkerson v. Howell Contrs., Inc.*, 1st Dist. Hamilton No. C-040634, 163 Ohio App.3d 38, 2005-Ohio-4418, 836 N.E.2d 29, ¶ 9.

**{¶28}** In this case, regardless of whether the trial court has jurisdiction over the claims against the City and against Pugh as the mayor, the court does have jurisdiction over the claims of libel, slander, and invasion of privacy against Pugh in his individual capacity. The CBA specifically states: "*The Employer* agrees that all disciplinary procedures shall be carried out in private and in a businesslike manner." (Appellees' Answer, Ex. 2 CBA, Article 20, Section 4; emphasis added). Pugh as an individual is not appellant's employer. Additionally, R.C. 4117.10(A) provides that if a CBA provides for arbitration of grievances, "public employers, employees, and employee organizations" are subject solely to that grievance procedure. The statute does not apply to individuals. Thus, Pugh as an individual is not subject to the terms of the CBA.

**{¶29}** Because Pugh as an individual is not subject to the terms of the CBA, the trial court erred in dismissing the complaint against Pugh in his individual capacity.

**{¶30}** Accordingly, appellant's third assignment of error has merit and is sustained.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby affirmed as to the City and as to Pugh in his capacity as mayor. The trial court's judgment is reversed as to Pugh in his individual capacity and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed as to the City and as to Pugh in his capacity as mayor. It is reversed as to Pugh in his individual capacity. We hereby remand this matter as to Pugh in his individual capacity to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**